**Joyce BICKERSTAFF, Plaintiff–Appellant,**

v.

**VASSAR COLLEGE, Norman Fainstein, Dean of the Faculty of Vassar College, and Barbara Page, Acting Dean of the Faculty of Vassar College, Defendants–Appellees.**

No. 05–0316–cv.

United States Court of Appeals, Second Circuit.

Dec. 20, 2005.

---

Eleanor Jackson Piel, New York, N.Y., for Plaintiff–Appellant.

James P. Drohan (Natalie J. Marshall, Krystina E. Cho), Donoghue, Thomas, Auslander & Drohan, LLP, Hopewell Junction, N.Y., for Defendants–Appellees, of counsel.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Joyce Bickerstaff appeals the district court's order granting summary judgment to Defendants–Appellees Vassar College ("Vassar" or "the College"), former Dean of the Faculty Norman Fainstein, and former Acting Dean of the Faculty Barbara Page. Bickerstaff brought this action for retaliation and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.* We presume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

Bickerstaff alleges that the defendants marginalized both her and the school's Africana Studies Program, of which she is a faculty member, in retaliation for an ultimately unsuccessful race and sex discrimination lawsuit she brought against the College in 1996. The district court held that none of the alleged acts of retaliation constituted an "adverse employment action" within the meaning of Title VII. *See Weeks v. N.Y. State Div. of Parole*, 273 F.3d 76, 85 (2d Cir.2001) (defining an "adverse employment action" as a "materially adverse change in the terms and conditions of employment"). As such, the court below found, Bickerstaff could not make out a prima facie case of retaliation. *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir.2005).

Even assuming *arguendo* that Bickerstaff could make out a prima facie case, however, she has not met her burden of rebutting the "legitimate, non-retaliatory" reasons Vassar offers for its actions.[1] *See id.* Bickerstaff's relatively minor increases in salary, for example, appear to result from poor teaching evaluations. And the changes to Bickerstaff's office space were connected to her refusal to relocate voluntarily with the remainder of her Program. Bickerstaff alleges further that she was passed over for the position of director of the Africana Studies Program, but the record indicates that she was not supported by members of the Program's Steering Committee. Finally, Bickerstaff contends that joint appointments between the Africana Studies Program and the History and English departments were withheld in order to neuter her influence over faculty hiring. But the making of such joint appointments would have required the acquiescence of those departments, and such consent was not forthcoming. Bickerstaff has not, as she must at the summary judgment stage, put forward evidence from which a reasonable fact-finder could conclude that the College's stated reasons "were not its true reasons, but were a pretext for discrimination." *Woodman v. WWOR–TV,* 411 F.3d 69, 76 (2d Cir.2005) (quoting *Reeves v. Sanderson Plumbing Prods. Inc.,* 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)).

We affirm the dismissal of Bickerstaff's hostile environment claim for the reasons given by the district court. *See Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 570 (2d Cir.2000) (holding that a plaintiff seeking to make out a hostile environment claim under Title VII must show "either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment" (internal quotation marks omitted)). And because claims under the New York State Human Rights Law "are analyzed identically" to Title VII claims, *Smith v. Xerox Corp.,* 196 F.3d 358, 363 n. 1 (2d Cir.1999), we also affirm the district court's dismissal of Bickerstaff's state law claims.[2]

We have considered all of Bickerstaff's remaining arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED.

---

1. We also assume, without deciding, that the acts upon which Bickerstaff bases her complaint are not barred by the 300–day statute of limitations for filing an EEOC claim, *see* 42 U.S.C. § 2000e–5(e).

2. We note that, notwithstanding Vassar's argument to the contrary, we see no reason why Fainstein and Page may not be sued in their individual capacities under the New York State Human Rights Law. *See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir.1995) ("[A] defendant who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under the [Human Rights Law].").