11-1328-cv
Chao v. Mount Sinai Hospital et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of April, two thousand twelve.

Present:
> DENNIS JACOBS,
> > *Chief Judge,*
> ROBERT A. KATZMANN,
> > *Circuit Judge,*
> JOHN F. KEENAN,
> > *District Judge.*[*]

---

HENGJUN CHAO, M.D.,

> *Plaintiff-Appellant*,

> v.                                                        No.  11-1328-cv

THE MOUNT SINAI HOSPITAL, THE MOUNT SINAI
MEDICAL CENTER, THE MOUNT SINAI SCHOOL OF
MEDICINE, DENNIS S. CHARNEY, M.D., REGINALD
MILLER, DVM, ELLEN F. COHN, MAREK MLODZIK, PH.D,
HAN SNOEK, PH.D, TERRY KRULWICH, PH.D., HELEN
VLASSARA, M.D., JAMES GODBOLD, PH.D, LILLIANA
OSSOWSKI, MSC.,

> *Defendants-Appellees*.

---

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

For Plaintiff-Appellant:            ANDREW M. MOSKOWITZ, Deutsch Atkins, P.C., Hackensack, N.J.

For Defendants-Appellees:       KENNETH J. KELLY (James Treece, *on the brief*), Epstein Becker & Green, P.C., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Baer, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Dr. Hengjun Chao appeals from a March 24, 2011 judgment entered by the United States District Court for the Southern District of New York (Baer, *J.*), following a December 17, 2010 Opinion and Order granting in part and denying in part defendants' motion to dismiss, and a March 22, 2011 Opinion and Order granting defendants' motion for summary judgment in its entirety. This action arises from a lengthy internal investigation conducted by Defendant-Appellee Mount Sinai School of Medicine ("Mount Sinai") resulting in a finding that Chao, formerly an Assistant Professor of Medicine at Mount Sinai, had committed research misconduct. We presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

We review *de novo* a district court's dismissal of a claim pursuant to Fed. R. Civ. P. 12(b)(6). *S. Cherry Street, LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 103 (2d Cir. 2009). In order to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We also review *de novo* a district court's grant of summary judgment. *See Pilgrim v. Luther*, 571 F.3d

2

201, 204 (2d Cir. 2009).  In reviewing a summary judgment decision, this Court "utilizes the same standard as the district court: summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law."  *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998).  We review a district court's discovery rulings for abuse of discretion.  *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 474 (2d Cir. 1995).

Turning to the issues on appeal, we first conclude that the district court did not err in holding that defendants' alleged defamatory statements are protected by the "common interest" qualified privilege, which encompasses communications "made by one person to another upon a subject in which both have an interest."  *Liberman v. Gelstein*, 80 N.Y.2d. 429, 437 (1992) (internal quotation marks omitted); *see also Stukuls v. New York*, 42 N.Y.2d 272, 280 (1977) (common interest privilege includes communications made between faculty members at a university regarding another faculty member's termination).  Moreover, Chao failed to allege facts supporting a plausible inference that defendants "spoke with 'malice'," *Liberman,* 80 N.Y.2d at 437, and therefore cannot overcome the privilege.  As the district court correctly recognized, defendants made their allegedly defamatory statements in the course of fulfilling their professional obligation to investigate and offer their studied views on Chao's research integrity.  Accordingly, "spite or ill will" cannot have been "the one and only cause for the publication" of those statements, as is required to show common law malice, *id.* at 437, 439 (internal quotation marks omitted).  Similarly, it is not plausible to infer that defendants made their statements "with a high degree of awareness of their probable falsity," as is required to show constitutional malice, *id.* at 438 (brackets and internal quotation marks omitted), given that

3

defendants were presented with substantial evidence indicating that Chao had committed research misconduct.

Next, we conclude that the district court correctly dismissed Chao's other tort claims as duplicative of his defamation claim. "New York law considers claims sounding in tort to be defamation claims . . . where those causes of action seek damages only for injury to reputation, [or] where the entire injury complained of by plaintiff flows from the effect on his reputation." *Jain v. Sec. Indus. and Fin. Mkts. Ass'n.*, No. 08 Civ. 6463, 2009 WL 3166684, at *9 (S.D.N.Y. Sept. 28, 2009) (internal citations, brackets, and quotation marks omitted). Here, the factual allegations underlying each of Chao's other tort claims are virtually identical to the facts underlying his defamation claim -- namely, that the defendants made false statements regarding Chao's research integrity. Moreover, the harms that Chao contends he suffered as a result of these other torts -- attorneys' fees, emotional distress, distraction from his research, and his termination of employment -- all "flow[] from the effect on his reputation" caused by defendants' alleged defamatory statements. *See id.* (internal quotation marks omitted).

Turning to Chao's contract claims, we conclude that the district court correctly granted summary judgment dismissing these claims because, under New York law, a university faculty member's "claims based upon the rights or procedures found in college manuals, bylaws and handbooks may only be reviewed by way of a special proceeding under Article 78 of New York's CPLR in New York State Supreme Court." *Bickerstaff v. Vassar Coll.*, 354 F. Supp. 2d 276, 283 (S.D.N.Y. 2004), *aff'd,* 160 F. App'x 61 (2d Cir. 2005) (summary order). Assuming *arguendo* that Chao's June 22, 2007 reappointment letter constitutes a legally enforceable contract, that contract was governed by the rules and procedures set forth in the Mount Sinai

4

Faculty Handbook. The reappointment letter contains no terms other than the title of Chao's position and the duration of that position. By contrast, Chao's initial appointment letter, dated August 22, 2002, stated:

> As a faculty member of the Mount Sinai School of Medicine, you will be expected to abide by all institutional policies. Enclosed for your information is a copy of the Faculty Handbook.

J.A. 969. Chao signed the initial appointment letter on September 18, 2002, and certified that he "accept[s] the terms and conditions of this letter." J.A. 970. Indeed, Chao himself relies on defendants' alleged misapplication of the procedures set forth in the Faculty Handbook in support of his breach of implied covenant claim. Given these circumstances, the district court correctly held that New York law requires Chao to bring his breach of contract claims in an Article 78 Proceeding rather than in federal court.

Finally, we turn to the district court's grant of summary judgment dismissing Chao's national origin and race discrimination claims. Under the familiar *McDonnell-Douglas* burden-shifting analysis applicable to discrimination claims brought under state and federal law,[1] a plaintiff has the initial burden on summary judgment of setting forth a *prima facie* case of discrimination by showing that "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." *Ruiz v. Cnty of Rockland*, 609 F.3d 486, 491-92 (2d Cir. 2010); *accord Forrest v. Jewish Guild for the Blind*, 3

---

[1] New York City Human Rights Law "is to be more liberally applied than its state [and federal] counterpart[s]." *Kumuga v. N.Y.C. Sch. Const. Auth.,* No. 127817/02, 2010 WL 1444513, *14 (N.Y. Sup. Ct. Apr. 2, 2010). However, Chao does not make any arguments directed to New York City law in particular, nor does he attempt to show how any differences between municipal, state, and federal law might impact the outcome of this appeal.

N.Y.3d 295, 305 (2004). A plaintiff establishing a *prima facie* case gives rise to a presumption of unlawful discrimination, and the burden then shifts to the defendant to proffer a "legitimate, non-discriminatory reason" for the challenged employment action. *Ruiz*, 609 F.3d at 492. If the defendant is successful in so doing, the burden then shifts back to the plaintiff to show that the defendant's reason is "merely . . . a pretext for unlawful discrimination." *Id.* at 493.

Having reviewed the record in its entirety, we conclude that the district court correctly dismissed Chao's discrimination claims because Chao did not meet his burden of proffering sufficient evidence to support a rational inference that Mount Sinai's legitimate, non-discriminatory reason for Chao's termination -- the "rigorously-investigated charge and finding that Chao committed research misconduct and violated professional or ethical standards," *Chao v. Mount Sinai Hosp.*, No. 10 Civ. 2869, 2011 WL 1097535, at *6 (S.D.N.Y. Mar. 22, 2011) -- was pretext for unlawful discrimination. As the district court noted, the allegedly discriminatory comments made by certain defendants regarding Chao's Chinese culture and background were "stray remarks buried within . . . thousands of pages of testimony and reports," and were made by persons with a "significant distance . . . in terms of both time and institutional hierarchy" from the ultimate decision-makers, *id.* at *7 (internal quotation mark omitted). Moreover, Chao fails to identify any material difference between his treatment and that of similarly situated persons who do not fall within his protected classes. *See Graham v. Long Island R.R.*, 230 F.3d 34, 43 (2d Cir. 2000) ("A showing that similarly situated employees belonging to a different racial group received more favorable treatment can . . .serve as evidence . . . of pretext for racial discrimination."). Notably, any differences in how individuals employed by Mount Sinai treated Chao and Defendant-Appellee Ellen Cohn are insufficiently material to support a showing of

6

pretext, given that the result of Mount Sinai's internal research misconduct process was ultimately the same with regard to both Chao and Cohn.

Finally, we conclude that the district court did not abuse its discretion in refusing to extend the date for the close of discovery so that a Mount Sinai official could be deposed regarding Mount Sinai's prior research misconduct investigations. As an initial matter, Mount Sinai's investigation of Dr. Savio Woo is inapt to the instant case, given that Woo was found to have failed to detect research misconduct, while Chao was found to have committed research misconduct himself. Morever, even if Woo and Chao were similarly situated in terms of their alleged wrongdoing, evidence showing that Mount Sinai had afforded Woo more favorable treatment than Chao would not have supported an inference of pretext. Woo is also of Chinese descent, whereas Chao and Cohn are similarly situated members of different racial and national origin groups that were treated in the same manner by Mount Sinai.

We have considered plaintiffs' other arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
