14-576-cv
Ramlal-Nankoe v. Ithaca College

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of January, two thousand fifteen.

PRESENT: DENNIS JACOBS,
    GUIDO CALABRESI,
    RICHARD C. WESLEY,
       <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
MARGO RAMLAL-NANKOE,
   <u>Plaintiff-Appellant</u>,

   -v.-            14-576

ITHACA COLLEGE,
   <u>Defendant-Appellee</u>.
- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:      ROBERT RAMBADADT, The Rambadadt
           Law Office, New York, New York.

FOR APPELLEE:      SUBHASH VISWANATHAN, Bond,
           Schoeneck & King, PLLC,
           Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Margo Ramlal-Nankoe appeals from the judgment of the United States District Court for the Northern District of New York (Suddaby, <u>J.</u>) granting summary judgment in favor of Ithaca College and granting the College's motion for attorney's fees incurred in connection with a motion to compel discovery. We assume the parties' familiarity with the underlying facts, the procedural history and the issues presented for review.

Upon <u>de novo</u> review, we conclude (for substantially the reasons stated by the district court) that the grant of summary judgment in favor of the College was proper.[1] <u>Rojas v. Roman Catholic Diocese of Rochester</u>, 660 F.3d 98, 104 (2d Cir. 2011) (per curiam).

With respect to Ramlal-Nankoe's religious discrimination claim (to the extent one is even asserted), the EEOC complaint does not assert discrimination based on religion; she therefore failed to exhaust administrative remedies, which is a precondition to suit. <u>Holtz v. Rockefeller & Co.</u>, 258 F.3d 62, 83-84 (2d Cir. 2001) (affirming dismissal of religious discrimination "about which the EEOC charge [was] entirely silent"). In addition, Ramlal-Nankoe has not come forward with any evidence to establish even a <u>prima facie</u> case of religious discrimination. <u>See</u> <u>Zahorik v. Cornell Univ.</u>, 729 F.2d 85, 92 (2d Cir. 1984); <u>see also</u> <u>Tori v. Marist Coll.</u>, 344 F. App'x 697, 699-700 (2d Cir. 2009) (summary order) (observing that "courts are understandably reluctant to review the merits of a tenure decision" and concluding that plaintiff's "discrimination claim fails because he has introduced no evidence to suggest that the denial of tenure was motivated, at least in part, by discrimination on the basis of race, gender, marital status, or religion" (internal quotation marks omitted)).

Ramlal-Nankoe argues that she made no election-of-remedies with respect to the Tompkins County Human Rights Commission and New York Human Rights Law. This argument is

---

[1] Ramlal-Nankoe does not press her age discrimination claim on appeal.

contradicted by the record. "The District Court properly ruled that [these claims were] barred on the basis of election of remedies, in view of N.Y. Exec. Law § 297(9), which, with certain exceptions not applicable here, precludes resort to courts after claims have been filed with a local commission on human rights." Desardouin v. City of Rochester, 708 F.3d 102, 106 (2d Cir. 2013).

As to the claims for breach of contract and for breach of the implied covenant of good faith: "under New York law, a university faculty member's claims based upon the rights or procedures found in college manuals, bylaws and handbooks may only be reviewed by way of a special proceeding under Article 78 of New York's CPLR in New York State Supreme Court." Hengjun Chao v. Mount Sinai Hosp., 476 F. App'x 892, 895 (2d Cir. 2012) (summary order) (internal quotation marks omitted).

The district court properly declined to invoke the continuing violation doctrine to save Ramlal-Nankoe's untimely claims under Title VII and Section 1981. That doctrine is inapplicable to "[d]iscrete acts such as termination [and] failure to promote," which "are easy to identify." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002) (reversing application of continuing violations doctrine). "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." Id. (internal quotation marks omitted).

Ramlal-Nankoe's remaining, timely discrimination and retaliation claims are analyzed under the familiar McDonnell Douglas framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). Assuming Ramlal-Nankoe established a prima facie case, the College's proffered reasons for its decision to deny her tenure were not shown to be pretextual. See Weinstock v. Columbia Univ., 224 F.3d 33, 42 (2d Cir. 2000) ("To get to the jury, it is not enough to disbelieve the employer; the factfinder must also believe the plaintiff's explanation of intentional discrimination." (internal quotation marks and alterations omitted)); Bickerstaff v. Vassar Coll., 196 F.3d 435, 455-56 (2d Cir. 1999) (upholding grant of summary judgment to college because tenure candidate did not satisfy posted criteria for promotion); Zahorik, 729 F.2d at 93 ("[S]tatements of peer judgments as to departmental needs, collegial relationships

3

and individual merit may not be disregarded absent evidence that they are a facade for discrimination.").

Finally, the district court did not abuse its discretion in the award of attorney's fees to the College. <u>Barbour v. City of White Plains</u>, 700 F.3d 631, 634 (2d Cir. 2012) (per curiam). The district court cited Ramlal-Nankoe's failure to object to the magistrate judge's award of fees. In any event, the district court noted its agreement, observing that Ramlal-Nankoe "offered no substantial justification for the delay in making the requested disclosure" and found no other circumstances that would make such an award unjust.

For the foregoing reasons, and finding no merit in Ramlal-Nankoe's other arguments, we hereby **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK

4