12-922-cv
*Waller v. Muchnick, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of June, two thousand thirteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
ROBERT D. SACK,
            *Circuit Judges.*

_____

DEBORAH ELLEN WALLER,

    *Plaintiff-Appellant*,

       v.                                                                        No. 12-922-cv

MUCHNICK, GOLIEB & GOLIEB, P.C., HOWARD MUCHNICK,

    *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**          Deborah Ellen Waller, *pro se*, New York, New York.

**FOR DEFENDANTS-APPELLEES:**         Remko B. de Jong, Muchnick, Golieb & Golieb, P.C., New York, New York.

Appeal from a January 24, 2012 judgment of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Deborah Ellen Waller ("Waller" or "plaintiff") instituted this counseled action before the District Court pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.*, and the New York City Human Rights Law, N.Y.C. Admin. Code Title 8. Waller, a former legal secretary, alleged that defendants-appellees ("defendants"), the law firm of Muchnick, Golieb & Golieb, P.C. ("MGG") and one of its named partners, improperly terminated her following a substantial injury to her hand. Following limited discovery, the District Court granted an unopposed motion for summary judgment by defendants on January 24, 2012 and dismissed plaintiff's complaint.[1]

Plaintiff, now proceeding *pro se*, appeals from the District Court's judgment.[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted). In addition, we construe the submissions of a *pro se* litigant liberally and "interpret [ ] [them] to raise the

---

[1] The District Court granted a prior, unopposed motion for summary judgment on November 8, 2011 as to all of Waller's claims under New York state and city law for the reason that it lacked jurisdiction over these claims. To the extent that plaintiff now challenges this ruling on appeal, we conclude that her claim is without merit. Waller conceded before the District Court that she had filed an unsuccessful claim with the New York State Division of Human Rights ("NYSDHR"). Under New York law, a litigant who files a claim with the NYSDHR cannot bring the same claim in federal court; the District Court, therefore, properly concluded that it lacked jurisdiction over plaintiff's claims arising out of New York state and city law. *See Desardouin v. City of Rochester*, 708 F.3d 102, 106 (2d Cir. 2013) ("The District Court properly ruled that [plaintiff's] NYSHRL claim was barred on the basis of election of remedies, in view of N.Y. Exec. Law § 297(9), which . . . precludes resort to courts after claims have been filed with a local commission on human rights."); *York v. Ass'n of the Bar of the City of New York*, 286 F.3d 122, 127-28 (2d Cir. 2002) (applying the jurisdictional bar to New York city and state claims).

[2] To the extent that Waller challenges the District Court's February 23, 2012 order denying her motion for reconsideration of its grant of summary judgment, we lack jurisdiction over any such appeal. A party seeking review of an order disposing of a motion for reconsideration must file a notice of appeal from the order. *See* Fed. R. App. P. 4(a)(4)(B)(ii). Plaintiff's notice of appeal was filed prior to the entry of the February 23, 2012 order, and did not designate that order as one she sought to appeal. *See* Fed. R. App. P. 3(c)(1)(B) (stating that a notice of appeal must "designate the judgment, order, or part thereof being appealed"); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 652 (2012) (noting that the requirements of Rule 3 are jurisdictional). Since plaintiff did not file a notice of appeal from the February 23, 2012 order, we lack jurisdiction to review that order. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (noting that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement").

2

strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Winfield v. Trottier*, 710 F.3d 49, 52 (2d Cir. 2013). The same standard of review applies where a motion for summary judgment is unopposed. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

The District Court properly concluded that defendant MGG was not subject to the ADA. The ADA defines an employer as an entity that had "15 or more employees for each working day in each of 20 or more calendar weeks" during the relevant time period. *See* 42 U.S.C. § 12111(5)(A). Payroll records and employee lists submitted by the defendants during discovery established that MGG had, at most, 14 employees during the relevant time period and the District Court independently reviewed this evidence prior to granting summary judgment. *See Vermont Teddy Bear*, 373 F.3d at 242 (noting that a district court must review the evidence submitted in support of an unopposed summary judgment motion and cannot grant the motion by default).[3]

Waller also claims that defendants failed to respond to discovery requests or to orders by the District Court regarding discovery. However, Waller cites nothing in the record to substantiate these claims and an independent search of the record reveals no arguments by Waller before the District Court regarding discovery.

We have considered all of plaintiff's remaining arguments and find them to be without merit. Any remaining motions in this appeal are denied as moot. Accordingly, we **AFFIRM** the January 24, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] Waller, who was represented by counsel at the time, did not present any evidence to refute the defendant's payroll and employee records before the District Court. She now challenges the validity of those records. We decline to review arguments raised for the first time on appeal, particularly where, as here, consideration of the argument would require review of a factual issue. *See Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) (noting the general rule that appellate courts will not consider arguments not raised below, with the exception of where the argument involves only a question of law). In any event, plaintiff's challenges to the payroll records lack merit as they are largely speculative or conclusory. *See Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (noting that a party opposing summary judgment cannot rely on "conclusory allegations" or "unsubstantiated speculation" (internal quotation marks omitted)).