12-187-cv
Jewanta Desardouin v. City of Rochester

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2012

Heard: November 6, 2012          Decided: February 19, 2013

Docket No. 12-187-cv

- - - - - - - - - - - - - - - - - - - - - - - - -

JEWANTA DESARDOUIN,

    Plaintiff-Appellant,

            v.

CITY OF ROCHESTER, VINCENT McINTYRE, as Aider and Abettor,

    Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - - - - - -

Before: NEWMAN, RAGGI, and LYNCH, <u>Circuit Judges</u>.

Appeal from the December 16, 2011, judgment of the United States District Court for the Western District of New York (Michael A. Telesca, District Judge), dismissing, on motion for summary judgment, a suit alleging discrimination and retaliation claims based on a hostile work environment in violation of federal and state discrimination laws.

Affirmed as to retaliation and state law claims, reversed as to discrimination claims, and remanded.

Christina A. Agola, Rochester, N.Y., for Plaintiff-Appellant.

Igor Shukoff, Rochester, N.Y., for Defendants-Appellees.

JON O. NEWMAN, Circuit Judge:

This appeal concerns the recurring issue of what circumstances suffice to warrant a trial of a gender discrimination claim based on an allegation of a hostile work environment. Plaintiff-Appellant Jewanta Desardouin appeals from the December 16, 2011, judgment of the United States District Court for the Western District of New York, Michael Telesca, District Judge, granting summary judgment to Defendants-Appellees Vincent McIntyre and the City of Rochester (the "City"). Desardouin and others brought claims of a hostile work environment based on gender under the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1983, and the New York State Human Rights Law, N.Y. Exec. Law § 290, et. seq. ("NYSHRL"), as well as claims of retaliation under Title VII and the NYSHRL. We conclude that Desardouin's claim of a hostile work environment suffices to warrant a trial and therefore remand that portion of her case to the District Court. In a summary order filed today, we affirm the dismissal of the claims of the other plaintiffs.

Background

The following factual summary, drawn primarily from Desardouin's affidavit, is presented, as required for the purposes of a summary judgment ruling, in the light most favorable to the non-moving party. See Jaegly v. Couch, 439 F.3d 149, 151 (2d Cir. 2006).

Desardouin began her employment with the City as a supervisory security officer in February 1988. She was the only female supervisor in the Security Operations department of the Rochester Police Department. Desardouin reported to McIntyre, her supervisor.

She alleged that, starting in May 2007, McIntyre made "sexual advances" toward her and one of her co-plaintiffs, Theresa Smith. On a weekly basis, McIntyre told Desardouin that her husband was "not taking care of [her] in bed." In a recorded statement at an investigation by the Professional Standards Section ("PSS") of the Rochester Police Department, she acknowledged that McIntyre's comments stopped in June or July.

After witnessing McIntyre routinely harass her co-plaintiffs, she arranged a meeting with Richard Vega, the Department's Officer of Integrity, and reported McIntyre's harassing conduct. Vega told her there was nothing he could do. In January 2008, she complained to the PSS about McIntyre's conduct. On January 15, 2008, she filed a complaint with the New York State Division of Human Rights.

In October or November of 2008, she submitted to PSS a recording of McIntyre and Eric Cotton, another Security Supervisor, allegedly discussing tampering with her computer and changing her schedule.

Desardouin filed her federal complaint on December 4, 2008. She alleged that retaliation "continued" thereafter. Specifically, she alleged that her computer was tampered with "whereby someone deleted the incident reports on [her] system;" she was assigned additional administrative tasks such as payroll reporting, preparing incident reports, and data input, tasks that were not given to the two male supervisors; and McIntyre changed her schedule on an "ad hoc" basis.

After Desardouin admitted that she had engaged in the unauthorized recording of employees and that she initially had lied about doing so, she was discharged in February 2009.

-3-

Discussion

I. Hostile Work Environment

Title VII prohibits an employer from discriminating on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). A hostile work environment claim requires a plaintiff to show that a workplace is "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." Alfano v. Costello, 294 F.3d 365, 373-74 (2d Cir. 2002) (citations omitted). The plaintiff must also show "either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000) (internal quotation marks omitted). If a plaintiff relies on a series of incidents, they must be "more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997) (internal quotation marks omitted). In determining whether the threshold has been met, relevant factors include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993). The plaintiff must also subjectively perceive the environment to be abusive. Id. at 22-23. Finally, "it is 'axiomatic' that in order to establish a sex-based hostile work environment under Title VII, a

plaintiff must demonstrate that the conduct occurred because of her sex." Alfano, 294 F.3d at 374 (citation omitted).

McIntyre's comments, though not presenting an obvious case of hostile work environment, are sufficiently beyond the line drawn in Harris to warrant a trial. The comments persisted on a weekly basis over an interval that lasted at least two and perhaps three months. Though not threatening, they were more than merely offensive. For a male to say to a female employee under his supervision that her husband was "not taking care of [her] in bed" is the sort of remark that can readily be found to be a solicitation for sexual relations coupled with a claim of sexual prowess and can just as readily be found to have been perceived as such by the female employee. The weekly repetition of such a remark over several weeks only served to reenforce its offensive meaning and to make sexual intimidation, ridicule, and insult a pervasive part of Desardouin's workplace, effectively changing the terms and conditions of her employment. See Alfano, 294 F.3d at 373. Indeed, Desardouin's affidavit stated that she found McIntyre "threatening," and that he made "sexual advances" toward her and another employee. The allegations of repeated solicitation of sexual relations in a vulgar and humiliating manner suffice to warrant a trial.

II. Section 1983 and NYSHRL Claims

Desardouin's claim of gender discrimination because of hostile work environment also suffices under the Equal Protection Clause of the Fourteenth Amendment. The District Court properly ruled that her NYSHRL claim was barred on the basis of election of remedies, in view

-5-

of N.Y. Exec. Law § 297(9), which, with certain exceptions not applicable here, precludes resort to courts after claims have been filed with a local commission on human rights.

III. Retaliation Claims

The District Court properly determined that Desardouin's claims of retaliation failed. As with all Title VII claims, an employer can defeat a claim that it took an adverse employment action against an employee by showing that it acted for a legitimate, non-discriminatory reason. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The Defendants proffered as a reason for terminating Desardouin her secret recordings of conversations of police officials. As the District Court pointed out, making these recordings was a felony and a violation of departmental policy. Desardouin's only response to the proffer of this undisputed misconduct was that four months had elapsed between her actions and her termination. Because her misconduct reasonably required some time to investigate, the four-month interval did not impair the legitimacy of the Defendants' proffered reason for the termination. The retaliation claims were properly dismissed.

## Conclusion

The judgment of the District Court is reversed with respect to Jewanta Desardouin's Title VII and section 1983 claims of gender discrimination because of hostile work environment, and those claims are remanded for trial. Dismissal of her retaliation claims and her state law claims is affirmed.

Affirmed in part, reversed in part, and remanded.