11-3688-cv
Mills v. S. Conn. State Univ.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand thirteen.

PRESENT: REENA RAGGI,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
LEWIS A. KAPLAN,
*District Judge*.[*]

-----------------------------------------------------------------------

JUDITH MILLS,

*Plaintiff-Appellant*,

v.                                                      No. 11-3688-cv

SOUTHERN CONNECTICUT STATE UNIVERSITY,
SAMUEL ANDOH, YILMA GEBREMARIAM,

*Defendants-Appellees*.[**]

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:        WILLIAM S. PALMIERI, ESQ., New Haven, Connecticut.

---

[*] The Honorable Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLEE:     MARGARET Q. CHAPPLE, Associate Attorney General, MAURA MURPHY OSBORNE, Assistant Attorney General, Office of the Attorney General, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 11, 2011, is AFFIRMED.

Plaintiff Judith Mills appeals from an award of summary judgment to defendants Southern Connecticut State University (the "University"), and two of its employees, Samuel Andoh and Yilma Gebremariam, on claims of (1) employment discrimination, retaliation, and hostile work environment against the University pursuant to Title VII of the Civil Rights Act of 1964, see 42 U.S.C. § 2000e et seq. ("Title VII"), and the Connecticut Fair Employment Practices Act, see Conn. Gen. Stat. § 46a–60(a) et seq. ("CFEPA");[1] (2) intentional infliction of emotional distress against the individual defendants; and (3) violation of the Equal Protection Clause pursuant to 42 U.S.C. § 1983 against the individual defendants. On de novo review, we will affirm summary judgment only if the record, viewed in the light most favorable to the non-moving party, reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Sudler v. City of New York, 689 F.3d 159, 168 (2d Cir. 2012). In conducting that review here, we assume

---

[1] Although Mills argues that a discriminatory environment has existed since she was hired in May 1992, she testified that she is not seeking damages for the period before 2004.

the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm substantially for the reasons stated by the district court in its detailed opinion. See Mills v. S. Conn. State Univ., No. 3:08-cv-1270 (VLB), 2011 WL 3490027 (D. Conn. Aug. 10, 2011).

1.    Discrimination

Mills argues that she adduced sufficient evidence to support a finding that she was subjected to adverse employment actions in circumstances giving rise to an inference of gender discrimination. See Reynolds v. Barrett, 685 F.3d 193, 202 (2d Cir. 2012) ("Under the McDonnell Douglas framework, a plaintiff establishes a prima facie case of intentional discrimination by showing that (1) [s]he is a member of a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to [an] inference of discrimination." (final alteration in Reynolds and internal quotation marks omitted)). Mills specifically references: (1) Gebremariam's hug in October 2004; (2) Gebremariam's remarks at the October 10, 2005 provost meeting; (3) Andoh's allegedly intimidating behavior at meetings in November 2004 and January 2005; (4) shunning by her colleagues; (5) the denial of her requested promotion; (6) Andoh's refusal to let her teach upper-level courses; and (7) Andoh's refusal to accommodate her scheduling requests.

Of these instances, only the alleged failure to promote Mills constitutes an adverse employment action. See Treglia v. Town of Manlius, 313 F.3d 713, 720 (2d Cir. 2002)

(recognizing failure to promote as "within the core activities encompassed by the term 'adverse actions'"). The other cited instances do not indicate "a materially adverse <u>change</u> in the terms and conditions of employment." <u>Mathirampuzha v. Potter</u>, 548 F.3d 70, 78 (2d Cir. 2008) (emphasis in original) (internal quotation marks omitted) (affirming dismissal of plaintiff's discrimination claim because defendant's aggressive conduct did not constitute adverse employment action).

Like the district court, we conclude that Mills failed to adduce evidence of circumstances giving rise to an inference of discrimination surrounding her failure to receive a promotion. <u>See</u> <u>Mills v. S. Conn. State Univ.</u>, 2011 WL 3490027, at *6–11. Although Mills asserts that "[m]ale faculty members of the plaintiff's department evaluation committee (DEC) resigned rather than evaluate the plaintiff for promotion," Appellant's Br. 30–31, the record indicates that those members resigned in order to <u>avoid</u> any perception of discrimination. Mills points to no evidence from which a factfinder could reasonably infer that the decision not to promote her was related to her gender, nor does she submit evidence that similarly situated men were treated differently. <u>See Shumway v. United Parcel Serv., Inc.</u>, 118 F.3d 60, 64 (2d Cir. 1997) (stating that, absent direct evidence, fourth element of <u>prima facie</u> case requires plaintiff to show that she was treated differently from "similarly situated" males). Summary judgment in favor of the University was appropriate on this claim.

2.      Hostile Work Environment

Mills contends that she experienced a hostile work environment based on Gebremariam's hug, Abugri's dismissive and physically intimidating behavior, and the fact that she was shunned by various male faculty members. She also contends that Andoh displayed anger on several occasions that purportedly frightened her, and that he delayed investigating her complaint against Gebremariam. Crediting Mills's recitation of the facts, these instances are insufficient to support a finding that her workplace was "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." Desardouin v. City of Rochester, 708 F.3d 102, 105 (2d Cir. 2013) (internal quotation marks omitted). Further, as the district court's detailed discussion of the record shows, Mills fails to adduce evidence that the complained of treatment was because of her gender. See Alfano v. Costello, 294 F.3d 365, 374 (2d Cir. 2002) ("[I]t is axiomatic that in order to establish a sex-based hostile work environment under Title VII, a plaintiff must demonstrate that the conduct occurred because of her sex." (internal quotation marks omitted)). We therefore agree with the district court that Mills's hostile work environment claim fails as a matter of law. See Mills v. S. Conn. State Univ., 2011 WL 3490027, at *11–13.

3.      Retaliation

In support of her retaliation claims, Mills argues that after she complained about Gebremariam's unwanted contact and about "oppressive gender discrimination, harassment

5

and intimidation of the workplace," the defendants' conduct towards her "became intolerable," Appellant's Br. 41; she was not allowed to teach upper division classes; and she was refused a promotion. See Rivera v. Rochester Genesee Reg'l Transp. Auth., 702 F.3d 685, 698 (2d Cir. 2012) ("To establish a prima facie case of unlawful retaliation under Title VII, an employee must show that (1) [s]he was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." (internal quotation marks and alterations omitted)). As with her discrimination claim, only the failure to promote is an adverse employment action constituting possible retaliation. See Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568 (2d Cir. 2011) (holding that schedule changes and verbal threats were not materially adverse employment actions supporting Title VII retaliation claim). Mills, however, fails to adduce evidence that the failure to promote her in 2007 was causally linked to her complaint two years earlier about Gebremariam's hug. See Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 131 (2d Cir. 2012) (recognizing that temporal relationship can establish causal relationship); Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010) ("[A] plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action."). Nor does she submit evidence that Andoh or Gebremariam had any influence on Dr. Norton's adverse promotion determination. See Back v. Hastings on Hudson Union Free

6

Sch. Dist., 365 F.3d 107, 125–26 (2d Cir. 2004) ("[I]mpermissible bias of a single individual at any stage of the promoting process may taint the ultimate employment decision . . . even absent evidence of illegitimate bias on the part of the ultimate decision maker, so long as the individual shown to have the impermissible bias played a meaningful role in the . . . process.") (internal quotation marks omitted); cf. Staub v. Proctor Hosp., 131 S. Ct. 1186, 1190, 1194 (2011) (recognizing liability under military employment discrimination statute for "employee who influenced, but did not make, the ultimate employment decision"). Mills therefore cannot point to a genuine dispute of material fact with respect to her retaliation claim.

4.  CFEPA

Mills challenges the dismissal of her aiding-and-abetting claim under the CFEPA, arguing that the district court mistakenly applied a Title VII analysis to this claim. In fact, the district court dismissed the aiding and abetting claim because "there are no facts pleaded in the complaint and no evidence which would support a claim for aiding and abetting." Mills v. S. Conn. State Univ., 2011 WL 3490027, at *16. In any event, Mills's summary recitation of the claim to the district court is insufficient to preserve the issue for appeal, see Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) (holding that "stating an issue without advancing an argument" forfeits issue on appeal), and thus we do not discuss the point further.

7

5.      Equal Protection

Finally, in appealing the dismissal of her equal protection claim against Andoh and Gebremariam, Mills argues only that she "has been treated significantly more harshly tha[n] male colleagues." Appellant's Br. 48. Because the analysis for § 1983 claims based on equal protection "is similar to that used for employment discrimination claims brought under Title VII," Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir. 2006), we agree with the district court that Mills's equal protection claim fails for substantially the same reason as her Title VII claim, see Mills v. S. Conn. State Univ., 2011 WL 3490027, at *17.

We have considered Mills's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8