12-3815-cv
Puglisi v. Town of Hempstead

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand thirteen.

PRESENT:  REENA RAGGI,
         CHRISTOPHER F. DRONEY,
                  *Circuit Judges*,
         JOHN F. KEENAN,
                  *District Judge.**

------------------------------------------------------------------

JOHN PUGLISI,
                  *Plaintiff-Appellant*,

         v.                                        No. 12-3815-cv

TOWN OF HEMPSTEAD, DEPARTMENT OF SANITATION, SANITARY DISTRICT NO. 2, SANITARY DISTRICT NO. 2 BOARD OF COMMISSIONERS, GERARD W. BROWN, JOHN COOLS, DENNIS J. MEEKINS, BRIAN F. O'CONNOR, LEROY W. ROBERTS, ROBERT NOBLE, MICHAEL McDERMOTT,
                  *Defendants-Appellees*.

------------------------------------------------------------------

* The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

1

APPEARING FOR APPELLANT: STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, New York.

APPEARING FOR APPELLEES: CARA O'SULLIVAN, Kaufman, Borgeest & Ryan LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 20, 2012, is AFFIRMED.

Plaintiff John Puglisi appeals from an award of summary judgment to defendants, the Town of Hempstead Department of Sanitation's Sanitary District No. 2 (the "District"), the District's Board of Commissioners (the "Board"), and various named individuals, on Title VII, First Amendment, and state law claims of retaliation following Puglisi's protected activities related to the race discrimination claim of a fellow employee. See 42 U.S.C. §§ 1983, 2000e-3(a); N.Y. Exec. Law § 296(1)(e). We review an award of summary judgment de novo, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if the record reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Nagle v. Marron, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

2

1.      Title VII and State Retaliation Claims

Puglisi contends that, in awarding defendants summary judgment on his claims of retaliatory demotion under Title VII and N.Y. Exec. Law § 296(1)(e),[1] the district court erred at the first and third steps of the familiar McDonnell Douglas burden-shifting framework, which governs retaliation claims.  See Desardouin v. City of Rochester, 708 F.3d 102, 106 (2d Cir. 2013).  Even assuming arguendo that Puglisi can establish a prima facie case of discrimination, we conclude, as the district court did, that he fails to carry his burden at the third step of the analysis.

Puglisi maintains that comments made by defendants Roberts and Meekins, arguable policymakers for the District—that Puglisi had thrown the District "under the bus" in testifying at an employee's race discrimination hearing and had to "go," Puglisi Aff. ¶¶ 9, 11, J.A. 133—evidenced both direct discrimination and pretext.  Although the remarks were made over five months before Puglisi was demoted, when we draw all reasonable inferences in Puglisi's favor, we conclude that to the extent the remarks expressly contemplate terminating Puglisi for his participation in a State Department of Human Rights ("SDHR") hearing, they bear some weight in demonstrating discriminatory intent.

But Puglisi's burden requires him to show more than the possibility of retaliatory animus; he was required to adduce sufficient evidence to permit a reasonable jury to find

---

[1] Because retaliation claims under N.Y. Exec. Law § 296(1)(e) are analyzed under the same standard as Title VII retaliation claims, we review them together.

3

that "but for" defendants' retaliatory bias, he would not have been terminated. See University of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013) ("Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action."). Insofar as Puglisi suggests that Gorzynski v. JetBlue Airways Corp., 596 F.3d 93 (2d Cir. 2010), establishes a less-demanding standard, he is mistaken. In applying McDonnell Douglas, Gorzynski concluded that plaintiff carried her burden even under the more demanding standard of "but for" causation. See id. at 106. Thus, we conclude that Puglisi bears the but-for causation burden pronounced in Nassar, and that comments attributed to Roberts and Meekins are insufficient to carry that weight against overwhelming evidence supporting defendants' nondiscriminatory reason for demoting Puglisi, i.e., a Civil Service Commission decision instructing the District that Puglisi could not supervise other supervisors in his civil service title.

Here, the record shows that Puglisi himself triggered this ruling by repeated inquiries as to whether his position of Assistant to the General Supervisor was properly classified. Karl Kampe, the Executive Director of the Civil Service Commission, initially advised Puglisi that "if there is no major difference in the functions that would elevate a position to a higher or different classification, there is no need to notify the Civil Service Commission" about an internal title such as Assistant to the General Supervisor. Nov. 9, 2007 Letter to Puglisi, J.A. 1822. Puglisi wrote again "to inform [Kampe] that there are major differences in my job functions, duties and responsibilities as Assistant General

4

Supervisor" from what Puglisi performed in his "former position as Sanitation Supervisor." Nov. 27, 2007 Letter to Kampe, J.A. 1824. Puglisi stated that he was "now a salaried, non unit, confidential employee with the responsibilities of supervising six Sanitation, Recycling and Mechanics Supervisors in the daily operations of the District." Id. Kampe requested that Puglisi submit a Position Classification Questionnaire. Puglisi's response to that questionnaire prompted the Civil Service Commission to conclude that Puglisi's supervision of supervisors exceeded his civil service title, and it directed the District to cease and desist from assigning him those duties. It was in these circumstances that the Board reassigned Puglisi to his previous position of Sanitary Supervisor, which required a reduction in the salary that he had received as an Assistant to the General Supervisor.

Although Puglisi contends that this demotion was unnecessary because defendants had anticipated that, as Assistant to the General Supervisor, he would spend only 30% of his time performing supervisory tasks, he makes no showing that the decision to eliminate a position, at least a third of which he could no longer perform, was in any way a pretext for retaliation. Indeed, that conclusion is reinforced by the lack of evidence that defendants in any way sought to have the Civil Service Commission review Puglisi's position. As already noted, Puglisi alone sought that action. On this record, we are compelled to conclude that no reasonable juror could find that defendants' nondiscriminatory reason for demoting Puglisi was a pretext for a retaliatory animus and that "but for" defendants'

5

desire to retaliate, Puglisi would not have been demoted.

2.    First Amendment Retaliation

Puglisi claims that defendants violated his First Amendment rights by retaliating against him for testifying in support of another employee.   "To state a First Amendment retaliation claim, a plaintiff must establish that:   (1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech."   Cox v. Warwick Valley Cent. Sch. Dist., 654 F.3d 267, 272 (2d Cir. 2011).   "[E]ven if there is evidence that the adverse employment action was motivated in part by protected speech, the government can avoid liability if it can show that it would have taken the same adverse action in the absence of the protected speech."   Anemone v. Metro. Transp. Auth., 629 F.3d 97, 114 (2d Cir. 2011) (internal quotation marks omitted).   Here, for the reasons discussed in the previous section, Puglisi's demotion occurred as a result of his persistent requests to have his position recognized by the Civil Service Commission.   Further, Puglisi puts forward no evidence demonstrating a triable issue of fact as to whether the Board would have taken the same action in the absence of his testifying at the SDHR hearing.   Thus, Puglisi cannot carry his burden on causation.

In sum, we conclude, as the district court did, that Puglisi failed to adduce a triable question of fact on his claim of retaliatory demotion.   We also conclude that Puglisi's First Amendment claim fails because he cannot demonstrate the requisite causal connection

6

between his demotion and his speech.   We have considered Puglisi's remaining arguments and conclude that they are without merit.   The judgment of the district court is therefore AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7