15-3350
Carris v. First Student, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> GERARD E. LYNCH,
> DENNY CHIN,
> *Circuit Judges.*

_____

Margo Carris,

> *Plaintiff-Appellant,*

> v.                                                                                          15-3350

First Student, Inc.,

> *Defendant-Appellee.*

_____

FOR APPELLANT:              Margo Carris, pro se, Syracuse, NY.

FOR APPELLEE:               Ivan Ross Novich, Littler Mendelson, P.C., Newark, NJ.

Appeal from a judgment of the United States District Court for the Northern District of

New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Appellant Margo Carris, proceeding pro se, appeals from the judgment entered by the United States District Court for the Northern District of New York (Suddaby, *C.J.*) on September 18, 2015, dismissing Carris's complaint and denying her leave to amend the complaint. In her complaint, Carris alleged, *inter alia*, that her former employer, First Student, Inc., fired her based on her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 (1982), and New York Executive Law § 296. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's dismissal of a complaint for failure to state a claim, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a Title VII plaintiff does not have to plead a full prima facie case pursuant to the first stage of the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); she "need only give plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). To support

2

a minimal inference of discrimination, a plaintiff may allege disparate treatment by showing "the more favorable treatment of employees not in the protected group," *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)), who are "similarly situated in all material respects." *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014) (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000)). Whether the plaintiff and these comparator employees are similarly situated in "'all material respects' will vary from case to case," and while "[t]he plaintiff's and comparator's circumstances must bear a 'reasonably close resemblance,'" they "need not be 'identical.'" *Brown*, 756 F.3d at 230 (quoting *Graham*, 230 F.3d at 40). For a disparate treatment claim based on an employer's imposition of lighter discipline for comparators' misconduct, the determination whether the comparators' offenses were of "comparable seriousness requires – in addition to an examination of the acts – an examination of the context and surrounding circumstances in which those acts are evaluated." *Graham*, 230 F.3d at 40. "Ordinarily, '[w]hether two employees are similarly situated . . . presents a question of fact,' rather than a legal question to be resolved on a motion to dismiss." *Brown*, 756 F.3d at 230 (quoting *Graham*, 230 F.3d at 39); *see also Graham*, 230 F.3d at 42-44 (reversing summary judgment where the plaintiff offered sufficient evidence for a reasonable jury to find that comparators received lighter punishment for comparably serious violations of the same disciplinary standards).

Here, Carris alleged facts that plausibly gave rise to an inference of discrimination: she claimed that she was terminated for violating a company policy concerning student confidentiality although three white bus drivers, who violated policies concerning student safety, were only placed on administrative leave. *See* Compl. ¶¶ 14-16. Depending on the results of discovery, "an

3

examination of the context and surrounding circumstances in which [the employees'] acts are evaluated," *Graham*, 230 F.3d at 40, could reasonably yield the conclusion that the three comparator bus drivers' violations were comparably serious to that of Carris. *See Graham*, 230 F.3d at 39-40; *see also Brown*, 756 F.3d at 230-31. The comparators' conduct, based on the allegations of the complaint, appeared to jeopardize student safety. Two of the white bus drivers left sleeping children on buses, and one of these drivers, upon realizing that the children were still on the bus, "rushed back into the driver seat and proceeded to exit the yard without reporting it to safety." Compl. ¶¶ 15-16. The other comparator bus driver deposited a kindergarten student at an unauthorized stop in the dark, leaving the child at least six minutes away by foot from his home. *See id.* ¶ 14.

According to the complaint, Carris's violation of company policy arose when she visited a student's home after the student hit and spit on other students on the bus, causing chaos while Carris was driving. *See id.* ¶¶ 11-12. Although Carris's conduct was intentional rather than negligent, this factor alone may not warrant the finding that the comparators were not similarly situated.[1] Further factual development is needed to aid in the determination of whether Carris was similarly situated to white comparators who received more lenient punishments than she did. Consequently, we find that Carris has pleaded facts that give "plausible support to a minimal inference of discriminatory motivation," *Vega*, 801 F.3d at 84 (citing *Littlejohn*, 795 F.3d at 311), and we decline to affirm the dismissal of Carris's Title VII claim.

---

[1] Further, one comparator driver's alleged act of "exit[ing] the yard without reporting [the alleged violation] to safety," Compl. ¶ 16, might be viewed as intentional conduct.

4

However, we affirm the district court's dismissal of Carris's state law claim. We review de novo dismissals for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). *Cayuga Nation v. Tanner*, 824 F.3d 321, 327 (2d Cir. 2016). A plaintiff cannot bring a claim in federal court under N.Y. Exec. Law § 296 if she has already pursued that claim with the New York State Division of Human Rights ("NYSDHR"). *See Desardouin v. City of Rochester*, 708 F.3d 102, 106 (2d Cir. 2013); N.Y. Exec. Law § 297(9) (setting out election of remedies). Here, the district court properly dismissed Carris's state law claim: she filed a complaint with the NYSDHR, which that body dismissed for lack of probable cause.

We have considered Carris's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** as to its dismissal of Carris's claim under New York Executive Law § 296 and its denial of leave to amend the complaint,[2] and **VACATED** as to its dismissal of Carris's Title VII claim. The case is **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Because First Student had already answered Carris's original complaint, First Student's motion to dismiss the complaint should be construed as a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). *See Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126-27 (2d Cir. 2001).

5