*Browne v. N.Y. State Dep't of Corr. & Cmty. Supervision*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-five.

PRESENT:    JOSÉ A. CABRANES,
            GERARD E. LYNCH,
            STEVEN J. MENASHI,
                *Circuit Judges.*

―――――――――――――――――――――――――――――

ROBERTO BROWNE, JADE N. PARKER,

      *Plaintiffs-Appellants,*

    v.                                                                     No. 24-734

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION,

      *Defendant-Appellant,*

STATE OF NEW YORK,

      *Defendant.*[*]

―――――――――――――――――――――――――――――

―――――――――――――

[*] The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiffs-Appellants*:     MICHAEL H. SUSSMAN, Sussman & Goldman, Goshen, NY.

*For Defendant-Appellee*:     KWAME N. AKOSAH, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Roberto Browne and Jade Parker appeal from a judgment of the district court granting summary judgment in favor of the New York State Department of Corrections and Community Supervision ("DOCCS"). Browne and Parker alleged that the DOCCS, their current employer, negligently created a racially hostile work environment in violation of Title VII by failing to adequately investigate their allegations of employee misconduct. The district court concluded that Browne and Parker failed to show that (1) liability for the misconduct could be imputed to the DOCCS, (2) the alleged misconduct was severe or pervasive enough to alter the conditions of their employment, and (3) the alleged misconduct was based on their race. *See Browne v. N.Y. State Dep't of Corr. & Cmty. Supervision*, No. 21-CV-5240, 2024 WL 917610 (S.D.N.Y. Mar. 4, 2024). On appeal, Browne and Parker challenge each of these holdings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

# I

"We review a district court's grant of summary judgment *de novo*." *Kravitz v. Purcell*, 87 F.4th 111, 118 (2d Cir. 2023). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Weinstock v. Columb. Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[U]nsupported allegations do not create a material issue of fact." *Id.*

"An employer violates Title VII when the 'workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment so long as there is a basis for imputing the conduct that created the hostile environment to the employer.'" *Rasmy v. Marriott Int'l, Inc.*, 952 F.3d 379, 387 (2d Cir. 2020) (alterations omitted) (quoting *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 546 (2d Cir. 2010)).

"Furthermore, the plaintiff 'must demonstrate that the conduct occurred because of' his protected status." *Agosto v. N.Y.C. Dep't of Educ.*, 982 F.3d 86, 102 (2d Cir. 2020) (quoting *Desardouin v. City of Rochester*, 708 F.3d 102, 105 (2d Cir. 2013)). It is insufficient for a plaintiff to allege that he or she is a member of a protected class, experienced a hostile workplace, and therefore that the hostility must have been because of his or her protected class. *See Grillo v. N.Y.C. Transit Auth.*, 291 F.3d 231, 235 (2d Cir. 2002) ("Even if [the plaintiff's] highly dubious claim that he was unfairly singled out … is credited, [he] has 'done little more than cite to his alleged mistreatment and ask the court to conclude that it must have been related to his race. This is not sufficient.'") (alterations omitted) (quoting *Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir. 2001)). "[A]nti-discrimination law does not make defendants liable for doing stupid or even wicked things; it makes

them liable for *discriminating*." *Lizardo*, 270 F.3d at 104 (internal quotation marks and alteration omitted).

## II

Browne and Parker alleged that their co-workers and supervisors engaged in discriminatory harassment toward them. They alleged that their co-workers tampered with their timecards, put transfer slips in their mailboxes, gossiped about them, called them names such as "rat," and circulated derogatory poems about them in the workplace. Parker also alleged that co-workers stalked her, and Browne alleged that co-workers cut the valve stem on his car. Browne and Parker further alleged that their supervisors assigned them to less desirable posts and disregarded their staffing requests.

We agree with the district court, however, that there is no evidence from which a reasonable jury could conclude that these acts of harassment were directed at Browne and Parker because of their race. None of the alleged harassment referred to either plaintiff's race. Instead, the only evidence referencing any reason for the alleged abuse, including the plaintiffs' own testimony, tended to indicate that Browne and Parker were harassed because they were perceived to be disloyal. Parker stated that other officers believed she was a "rat" because she had testified on behalf of an inmate in a disciplinary hearing. As a result, those officers thought that she did not "stick up for the blues." J. App'x 362. Browne stated that other officers regarded him as a "scumbag" because he had testified against a fellow corrections officer at another institution where he had worked. *See id.* at 98-99, 691.

Browne and Parker assert that the poems were "racially offensive." Appellant's Br. 6. But the poems make no reference to race and instead describe an officer who served as an informant for the Office of Special Investigations. *See* J. App'x 743-45. Taken together, the evidence offers nothing to suggest that the treatment of Browne and Parker was based on their race. The evidence is consistent with the theory that they experienced "workplace bullying completely

detached from any discriminatory motive." *Vito v. Bausch & Lomb Inc.*, 403 F. App'x 593, 596 (2d Cir. 2010).

Nor could a reasonable jury infer that the supervisors discriminated against Browne and Parker because of their race. Browne and Parker argue that they were assigned to "less desirable" posts more often than white officers. Appellant's Br. 9. However, the record indicates that (1) "[t]here are no inferior posts," (2) other officers were assigned to the posts that were subjectively considered "less desirable" at least as much as Browne and Parker, and (3) Browne and Parker were assigned to posts that were consistent with their job responsibilities. J. App'x 754-59. Browne and Parker additionally argue that they did not receive the staffing assignments they requested, *see* Appellant's Br. 34, but they identify no evidence to support the assertion that the posts they requested were assigned to white officers. Accordingly, there is no basis in the record to conclude that staffing decisions were made in a racially discriminatory manner.

Because we conclude that the district court correctly granted summary judgment on the ground that no reasonable jury could find that Browne and Parker were harassed because of their race, we need not address the district court's additional grounds for that judgment.

\* \* \*

For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5