16-3736-cv
Lawson v. Homenuk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand seventeen.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges*.

---------------------------------------------------------------------

IRIS LAWSON,

*Plaintiff-Appellant*,

v.                                                          No. 16-3736-cv

TRISH HOMENUK, individually, AVIS BUDGET CAR RENTAL, LLC,

*Defendants-Appellees*,

AVIS BUDGET GROUP, INC.,

*Defendant*.[*]

---------------------------------------------------------------------

APPEARING FOR APPELLANT:     JESSE C. ROSE, Phillips & Associates, Attorneys at Law, PLLC, New York, New York.

APPEARING FOR APPELLEES:     A. MICHAEL WEBER, Littler Mendelson, P.C., New York, New York.

---

[*] The Clerk of Court is directed to amend the case caption as set forth above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 30, 2017, is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

Plaintiff Iris Lawson appeals from an award of summary judgment in favor of her former employer Avis Budget Car Rental, LLC ("Avis") and former supervisor Trish Homenuk on claims of (1) disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; (2) failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*; and (3) disclosure of confidential medical information in violation of the ADA, 42 U.S.C. § 12112. Lawson further appeals from the denial of her motion for reconsideration.

We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences and resolving all ambiguities in that party's favor. *See Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 47 (2d Cir. 2012). We "may affirm on any basis for which there is sufficient support in the record." *Bruh v. Bessemer Venture Partners III L.P.*, 464 F.3d 202, 205 (2d Cir. 2006). We review denial of a motion for reconsideration for abuse of discretion. *See Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017). In

2

applying these principles here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and vacate in part.

1.      Discrimination and Retaliation Claims

Discrimination and retaliation claims brought under the ADA, FMLA, and NYSHRL are all governed by the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973). *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 429 (2d Cir. 2016); *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013); *Spiegel v. Schulmann,* 604 F.3d 72, 80 (2d Cir. 2010). Under this framework, a plaintiff must establish a *prima facie* violation, which shifts the burden to the defendant to advance a legitimate, non-discriminatory reason for its actions, at which point the final burden is on the plaintiff to show that the defendant's proffered reason is pretextual. *See Cortes v. MTA N.Y.C. Transit*, 802 F.3d 226, 231 (2d Cir. 2015).

To carry her *prima facie* burden, Lawson had to show, *inter alia*, that she suffered an adverse employment action. *See Graziadio v. Culinary Inst. of Am.*, 817 F.3d at 429; *McMillan v. City of New York*, 711 F.3d at 125; *Spiegel v. Schulmann*, 604 F.3d at 80. To support a discrimination claim, the adverse action must be "materially adverse with respect to the terms and conditions of employment" and "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 235 (2d Cir. 2015) (internal quotation marks omitted). To support a retaliation claim, an adverse action must be "likely to dissuade a reasonable worker in the

3

plaintiff's position from exercising . . . legal rights." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 164 (2d Cir. 2011).

Like the district court, we conclude that Lawson failed to adduce sufficient evidence of an adverse employment action. As Lawson testified at her deposition, she experienced no change in job title, position, she continued to have supervisory responsibilities, and she was never demoted. Her argument that Homenuk locked her out of the office where she performed her managerial duties, thereby forcing her to work at the front counter alongside non-managerial employees and for additional hours to complete her managerial tasks, is undermined by her deposition. Lawson there testified that, on the occasions she found the office door locked, it may have been locked simply because Homenuk, who shared the office, was on the phone. Moreover, upon finding the door locked, Lawson made no efforts to gain entry until Homenuk left for the day. Lawson acknowledged that she had full access to the office for at least five hours of every shift. Nor does Lawson point to any evidence that Homenuk instructed her to remain at the front counter. Rather, she stated that she would "just . . . come in, [and] go to the counter" without such instruction.[1] App'x 204.

---

[1] In her opening brief, Lawson mentions an affidavit submitted by John VanNostrand, her coworker. *See* Appellant's Br. 7. In her reply brief and at oral argument, Lawson argues that it "must be considered" in determining whether summary judgment was appropriate. Reply Br. 5, 7. By alluding to the affidavit in only a cursory manner in her opening brief, without advancing any substantive argument resting on it, however, Lawson has waived this argument. *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.l (2d Cir. 2013) ("[A]ppellants must include in their briefs their contentions and the reasons for them, with citations to the authorities *and parts of the record on which the appellant relies*. Issues not sufficiently argued will be deemed waived and ineligible for appellate review." (emphasis added) (internal citations and quotation marks omitted)).

In sum, because Lawson failed to adduce evidence admitting an inference that she experienced the sort of adverse employment action necessary to establish *prima facie* discrimination or retaliation, defendants were entitled to summary judgment on these claims.

In her reply brief, Lawson contends that the district court erred in failing to consider the insults she allegedly experienced at work to "be an adverse employment action." Reply Br. 4 (citing *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 446 (2d Cir. 1999), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). Lawson did not raise this argument in her opening brief and so it is waived. *See JP Morgan Chase Bank v. Altos Harnos de Mexico, S.A. de C. V.*, 412 F.3d 418, 428 (2d Cir. 2005). In any event, Lawson's argument relies on the same purported pattern of harassment that undergirds her hostile work environment claim. It is defeated for the same reasons that her hostile work environment claim falls short. *See infra* Part 2.

2.      Hostile Work Environment and Constructive Discharge Claims

Lawson contends that the district court erred in determining that she had not pleaded a hostile work environment claim under the ADA and NYSHRL. This court has held that a hostile work environment claim can be inferred from a "complaint [that] does not explicitly allege discrimination based on a hostile work environment" but nonetheless "gives the defendant fair notice of [the] claim for hostile work environment and the

Even were we to consider it, the assertions presented in the affidavit are in any event insufficient to create a triable issue of fact, because they lack specificity and include elements of speculation.

5

grounds upon which that claim rests," *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 240–41 (2d Cir. 2007), a standard that we have not restated since the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). We need not decide whether Lawson pleaded a hostile work environment claim because, like the district court, we conclude that Lawson does not adduce evidence to support such a claim in any event. For the same reason, we need not decide whether a hostile work environment claim is cognizable under the ADA. *See Flieger v. E. Suffolk BOCES*, No. 16-2556-CV, 2017 WL 2377853, at *3 (2d Cir. June 1, 2017) (summary order) (recognizing issue not decided in this circuit).

To establish a hostile work environment claim, a plaintiff must show that her workplace was "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." *Desardouin v. City of Rochester*, 708 F.3d 102, 105 (2d Cir. 2013) (internal quotation marks omitted). An isolated incident "usually will not suffice to establish a hostile work environment," *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 175–76 (2d Cir. 2012), unless that incident is "extraordinarily severe," *Desardouin v. City of Rochester*, 708 F.3d at 105 (internal quotation marks omitted). Although Lawson argues that her coworkers "constantly" made derogatory comments about her mental health, Appellant's Br. 13, this argument is belied by her deposition testimony, in which she stated that she could recall only one instance of such a remark. This isolated incident is insufficiently severe to permit a rational trier of fact to find a hostile work environment. *See Alfano v. Costello*, 294 F.3d 365, 379 (2d Cir. 2002) (collecting cases).

6

In urging otherwise, Lawson points to an affidavit submitted in opposition to summary judgment, in which she stated that she endured insults related to her mental health on a "near daily" basis "for a period of almost a year." App'x 287. Lawson contends that the district court erred in finding that her affidavit contradicted her previous deposition testimony, and in declining to consider the affidavit to the extent it identified such contradictions. The argument is defeated by precedent holding that a party cannot "create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 482 (2d Cir. 2014) (internal quotation marks omitted). Indeed, "[i]t is well settled in this circuit" that such an affidavit "should be disregarded." *Buttry v. Gen. Signal Corp.*, 68 F.3d 1488, 1493 (2d Cir. 1995) (alteration in original) (internal quotation marks omitted). Lawson contends that this precedent is inapplicable here because any contradictions between her deposition testimony and affidavit are not sufficiently "inescapable and unequivocal." *In re Fosamax Prods. Liab. Litig.*, 707 F.3d 189, 194 (2d Cir. 2013). Specifically, Lawson maintains that there is no clear contradiction as to the frequency with which she experienced harassment because her deposition testimony discusses the one occasion on which she heard "subordinates discuss her medical condition," while her affidavit addresses many instances in which she was "insulted" by coworkers. Appellant's Br. 11. We are not persuaded.

At her deposition, Lawson testified that coworkers discussing her medical condition said "like, oh, she's unstable, stuff like that," and were "laughing at" and

7

"mocking" her for being "cuckoo for Cocoa Puffs." App'x 170–72. In her affidavit, Lawson similarly stated that coworkers "laugh[ed] at" her and called her, among other derogatory names, "cuckoo for co[]coa puffs." *Id.* at 286. This belies the distinction she attempts to draw between the deposition and affidavit and supports the district court's identification of a clear contradiction as to the frequency of harassment. Because Lawson has not provided a plausible explanation for this contradiction, *see In re Fosamax Prods. Liab. Litig.*, 707 F.3d at 194, her affidavit cannot create a triable issue of fact as to the existence of a hostile work environment.

To defeat summary judgment on her constructive discharge claim, Lawson had to adduce evidence that her "employer . . . intentionally create[d] a work atmosphere so intolerable that [s]he [was] forced to quit involuntarily." *Petrosino v. Bell Atl.*, 385 F.3d 210, 229 (2d Cir. 2004) (internal quotation marks omitted). For the same reasons that we have held Lawson's asserted workplace conditions insufficiently severe to establish a hostile work environment, we conclude that these conditions were not so intolerable to support a constructive discharge claim. *See Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 725 (2d Cir. 2010) (recognizing that standard for constructive discharge is "higher" than standard for hostile work environment and concluding that plaintiff who failed to establish hostile work environment also failed to show constructive discharge). Lawson's claim of constructive discharge is further undermined by her deposition testimony that she resigned to start a day care center, in preparation for which she had taken classes and studied to earn a certificate.

Accordingly, the district court correctly granted summary judgment to defendants on both Lawson's hostile work environment and constructive discharge claims.

3.  Fair Labor Standards Act and New York Labor Law Claims

The FLSA and NYLL mandate overtime pay for employees who are not exempt from the statutes' pay provisions.[2] *See Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104–05 (2d Cir. 2010). Among the employees exempt under these provisions are managers in a "bona fide executive . . . capacity," 29 U.S.C. § 213(a)(1); *see* 29 C.F.R. § 541.100(a) (defining bona fide executive employee). Although the parties agree that Lawson was an exempt employee until January 2014, Lawson argues that when her lawyer thereafter sent Avis a claim letter and draft complaint alleging discrimination and retaliation, she was effectively demoted to a non-managerial role and, therefore, became a non-exempt employee.

Like the district court, we identify no record basis for a rational trier of fact to reach such a demotion conclusion. Lawson's claim that she was assigned almost exclusively non-managerial tasks after January 2014 is belied by her deposition testimony stating that, during the same time period, the amount of time that she spent "down on the counter" instead of in the management office was problematic precisely because it prevented her from completing the "managerial" tasks assigned to her. App'x 182–83. Lawson's affidavit—claiming that she had few managerial tasks during this

---

[2] Because these laws both "mandate[] overtime pay and appl[y] the same exemptions," *Ramos v. Baldor Specialty Foods, Inc.*, 687 F.3d 554, 556 n.1 (2d Cir. 2012) (internal quotation marks omitted), we review Lawson's FLSA and NYLL claims together.

9

period—warrants no different conclusion because, to the extent that it again contradicts her deposition testimony, it cannot create an issue of fact. *See Crawford v. Franklin Credit Mgmt. Corp.,* 758 F.3d at 482 (stating that no issue of fact is created by affidavit that "by omission or addition, contradicts" previously given deposition testimony (internal quotation marks omitted)). Moreover, Lawson testified that in 2014 she supervised "[a]nywhere between ten and 30" people, App'x 208, further undermining any claim that she no longer worked as a manager beginning in January of that year.

Lawson argues that defendants' failure to plead exemption as an affirmative defense precludes a summary judgment award on that ground. The argument fails because "a district court may entertain unpleaded affirmative defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings." *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 176 (2d Cir. 2014) (internal quotation marks omitted). Lawson makes no such showing here. After defendants argued Lawson's exempt status in moving for summary judgment, Lawson had an opportunity to—and did in fact—respond to this contention, albeit unpersuasively. Insofar as Lawson contends that defendants failed to identify the applicable exemption, the argument is defeated by the record. *See* App'x 78 n.7 (stating, in defendant's opening brief on summary judgment, that plaintiff was exempt "[a]s a manager" under 29 U.S.C. § 213(a)(1)).

Accordingly, summary judgment was correctly awarded to defendants on Lawson's FLSA and NYLL claims.

10

4.    Disclosure of Confidential Information

With regard to her ADA claim for disclosure of confidential medical information, Lawson faults the district court for granting summary judgment on grounds not raised by defendants, *i.e.*, that Lawson failed to adduce sufficient evidence of actual damages stemming from disclosure of her medical information. *See Lawson v. Avis Budget Car Rental, LLC*, 194 F. Supp. 3d 301, 311–12 (S.D.N.Y. 2016). In denying Lawson's reconsideration motion, the district court stated that its summary judgment award was further supported by Lawson's failure to adduce evidence that defendants disclosed "an actual medical condition" because the record suggested only that "Plaintiff was referred to as 'crazy,' which is not a medical diagnosis." *Lawson v. Avis Budget Car Rental, LLC.*, No. 15-cv-01510 (GBD), 2016 WL 5867444, at *2 & n.2 (S.D.N.Y. Oct. 4, 2016). We have reviewed the record and, while defendants moved for summary judgment "on all of Plaintiff's claims," App'x 56, they urged neither of the evidentiary defects noted by the district court.

While a district court may grant a motion for summary judgment "on grounds not raised by a party," it must first "giv[e] notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). Because the district court did not do so here, we are obliged to conclude that it erred in granting summary judgment to defendants and denying Lawson reconsideration on this single claim. *See Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (vacating award of summary judgment because district court "did not provide [plaintiff] with notice that it would consider grounds not raised in the defendants' brief in support of their motion").

11

Accordingly, we vacate the district court's award of summary judgment to defendants on the ADA disclosure-of-confidential-medical-information claim, without foreclosing reconsideration after Lawson is afforded an opportunity to be heard.[3]

5.      Conclusion

We have considered Lawson's remaining arguments and conclude that they are without merit.  Accordingly, the award of summary judgment in favor of defendants is AFFIRMED in part and VACATED in part and REMANDED for further proceedings consistent with this order.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] Lawson also argues that the district court erred in dismissing her claim for hostile work environment on grounds not raised by defendants.  However, the record shows that Lawson was given sufficient notice of inadequacies in the evidence relevant to her hostile work environment claim prior to the district court's grant of summary judgment.